WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Luther Jones Junior,<br><br>Plaintiff,<br><br>vs.<br><br>Mohave County; Carol Meier, Mohave County Recorder,<br><br>Defendants. | No. CV 11-8093-PCT-JAT<br><br>**ORDER** |

Pending before the Court are: Plaintiff's Motions for Summary Judgment for Writ of Execution (Docs. 8 and 11); Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 14); and Plaintiff's Motion for Evidentiary Hearing and Order to Show Cause (Doc. 21). The Motions are fully briefed and the Court now rules on the Motions.[1]

**I.    Defendants' Rule 12(b)(6) Motion to Dismiss**

Defendants argue that Plaintiff's Complaint should be dismissed because it "either

---

[1] The Court notes that Plaintiff has filed a "demand for evidentiary hearing and order to show cause," (Doc. 21) wherein Plaintiff argues that he should be "afforded the opportunity to present his evidence." Plaintiff has not provided the Court with any basis for such an evidentiary hearing or order to show cause. Accordingly, Plaintiff's demand for evidentiary hearing and order to show cause will be denied. In the future, if Plaintiff wants an oral argument on any motions pending before the Court, he must request oral argument in his motion or in his response to Defendants' motion.

asserts a legal theory that is not legally cognizable or because the factual allegations do not show a plausible entitlement to relief under any cognizable legal theory." (Doc. 14 at 4).

### A. Legal Standard

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because Plaintiff is proceeding *pro se*, the Court must construe his Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan*, 478 U.S. at 286.

### B. Analysis

#### 1. Failure to Provide a Short, Plain Statement of the Claim as Required by Rule 8.

The Complaint fails to meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Further, Rule 8 requires each allegation of a complaint to be "simple, concise, and direct." FED.R.CIV.P. 8(d)(1). This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179. Here, the Complaint fails to meet the Rule 8 pleading requirements.

The Complaint fails to provide a factual basis for any of Plaintiff's claims. In his Complaint, Plaintiff lists violations of: Article III, section 2 of the United States Constitution, 28 U.S.C. sections 1333, 1337, 2461, and 2463, and Uniform Commercial Code § 1-103. Although Plaintiff asserts that Defendants have violated the aforementioned federal statutes, the Uniform Commercial Code, and the United States Constitution, Plaintiff has failed to provide any factual basis alleging the reasons he is suing Defendants. Due to this lack of factual basis, Plaintiff has not met Rule 8's requirements to connect Defendants' allegedly

wrongful actions with the list of federal statutes, portions of the Uniform Commercial Code, and case law provided in his Complaint. *See, e.g.*, *Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir. 1990) (Kozinski, J. dissenting) (majority opinion rev'd 501 U.S. 775 (1991) ("To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial.").

The closest Plaintiff comes to providing notice to Defendants of the factual basis of his claims is his allegation that Defendant Carol Meier, Mohave County Recorder, failed to record "UCC1 Liens, Maritime Liens and Judgments in Nihil Dicit," which is the "cause of this affidavit of complaint." (Doc. 1-1 at 3). The remedy Plaintiff seeks in his Complaint is " a Writ of Execution to enforce the Judgment in Nihil Dicit and to include an arrest in Rem of Mohave County Recorder Carol Meier's Bond." (Doc. 1-1 at 7). Based on these allegations, Plaintiff has failed to state a claim upon which relief could be granted.

Accordingly, because the Complaint does not contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and lacks the simple, concise and direct allegations required by Rule 8, Plaintiff's Complaint must be dismissed.

## II.    LEAVE TO AMEND

Plaintiff has requested leave to amend. (Doc. 1-1 at 2). In this case, Plaintiff has not amended the Complaint as a matter of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants filed their motion to dismiss on September 22, 2011 (Doc. 14).

Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost the right to amend the Complaint once as a matter of course. FED.R.CIV.P. 15(a)(1). However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'" *Id.*

at 1129 (quoting *Balistreri v. Pac. Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff will be given a reasonable opportunity, if he so chooses, to amend the Complaint to cure the deficiencies identified in this Order, and to provide Defendants with notice of the factual basis of his claims in short plain statements in the manner required by Rule 8 of the Federal Rules of Civil Procedure.

**III.    CONCLUSION**

For the reasons set forth above, the Court will grant the pending Motion to Dismiss without prejudice, and will permit Plaintiff to file an amended complaint.

Accordingly,

**IT IS ORDERED** that Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 14) is granted.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint no later than 21 days from the date of this Order. If Plaintiff does not file an amended complaint within 21 days, then the Clerk of the Court shall, without further Court order, dismiss this case with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment for Writ of Execution (Docs. 8 and 11) are denied as moot.[2]

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Evidentiary Hearing and Order to Show Cause (Doc. 21) is denied.

DATED this 11th day of January, 2012.

James A. Teilborg
United States District Judge

---

[2] In both Motions for Summary Judgment for Writ of Execution, Plaintiff requests an "Order for Writ of Execution for the Judgment in Nihil Dicit including an arrest in Rem of Mohave County Recorder Carol Meier's Bond." This is duplicative of the relief Plaintiff seeks in his Complaint and Plaintiff again fails to state any basis setting forth his entitlement to such an Order.