1  WO
2
3
4
5
6             IN THE UNITED STATES DISTRICT COURT
7                 FOR THE DISTRICT OF ARIZONA
8
9  James Luther Jones Junior,        )   No. CV 11-8093-PCT-JAT
                                     )
10             Plaintiff,             )   **ORDER**
                                     )
11  vs.                              )
                                     )
12                                   )
   Mohave County; Carol Meier, Mohave)
13  County Recorder,                  )
                                     )
14             Defendants.            )
                                     )
15  _____)
16
17        Pending before the Court is Plaintiff's Motion to Set Aside Judgment (Doc. 45),
18  Plaintiff's Motion for Sanctions (Doc. 46), and Plaintiff's Motion to Disqualify Judge (Doc.
19  47). The Court now rules on the Motions.
20        On January 11, 2012, the Court granted Defendant's Motion to Dismiss Plaintiff's
21  Complaint for failure to state a claim upon which relief could be granted. Specifically, the
22  Court found that Plaintiff's complaint failed to meet the standards set forth in Federal Rules
23  of Civil Procedure 8 and 12(b)(6). The Court was unable to ascertain either Plaintiff's legal
24  theories for his claims or the factual basis upon which Plaintiff was basing any claims against
25  Defendants. Nonetheless, the Court granted Plaintiff leave to amend his Complaint.
26  Accordingly, Plaintiff filed an Amended Complaint on January 31, 2012. Defendants moved
27  to dismiss the Amended Complaint and the Court granted the Motion to Dismiss because
28  Plaintiff had failed to cure any of the deficiencies that the Court had identified in its Order

granting Plaintiff leave to amend. The Court then dismissed the case without prejudice. The Clerk of the Court entered judgment accordingly.

Plaintiff now seeks disqualification of the undersigned based on the Order dismissing the case. Plaintiff claims that, by granting Defendants' Motion to Dismiss, the undersigned "has demonstrated clear and blatant bias in favor of Libelees." (Doc. 47 at 3). The Court finds that recusal is not necessary in this case because "a judge's prior adverse ruling is not sufficient cause for recusal." *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir.1986); *see*, *e.g.*, *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712–13 (9th Cir.1993) (holding that adverse rulings alone are insufficient to demonstrate bias and to compel recusal); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (same). Accordingly, Plaintiff's Motion to Disqualify is denied.

Plaintiff also moves to set aside the judgment dismissing this case without prejudice pursuant to Federal Rule of Civil Procedure 60. In his Motion for Rule 60 Relief, Plaintiff fails to identify any factual or legal basis for the Court to set aside the judgment. Accordingly, Plaintiff's Motion for Rule 60 Relief from Judgment is denied.

Plaintiff next moves for sanctions against defense counsel. Essentially, Plaintiff's Motion for Sanctions is a complaint that defense counsel represented his client in filing Motions to Dismiss. This is not sanctionable conduct. Further, it appears that Plaintiff's motion for sanctions is not made in good faith and is, in fact, made for the sole intention of harassing Defendants and needlessly increasing the cost of litigation. The Court will not indulge such harassment and, if Plaintiff files similarly non-meritorious motions in the future, such motions will be denied without further explanation from the Court. Accordingly, Plaintiff's Motion for Sanctions is denied.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Set Aside Judgment (Doc. 45) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Doc. 46) is denied.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Disqualify Judge (Doc. 47)

1  is denied.
2     DATED this 2nd day of November, 2012.

_____
James A. Teilborg
United States District Judge